IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:06cr17WS

WILBERT CONCHO

ORDER DENYING DEFENDANT'S MOTION
TO DISMISS INDICTMENT AS TO DEFENDANT CONCHO

CAME ON TO BE HEARD the motion of the Defendant to dismiss the indictment against him, and for a writ of Habeas Corpus, alleging as grounds *inter alia* the willful collusion of the United States and Choctaw Tribal Police as to the manner in which the defendant, Wilbert Concho [hereinafter Concho], was charged in Tribal Court and in the above styled and numbered cause before the United States District Court. For the reason set forth hereinafter, the Court denies the motion, having considered the pleadings of the parties, and having heard the testimony of witnesses and received exhibits in hearings held thereupon, and having decided to resolve separately the issue of Habeas Corpus raised as an adjunct to the defendant's motion to dismiss the indictment.

The Court finds there is no credible evidence that the United States Attorney for the Southern District of Mississippi has arranged for, counseled, urged, illegally or unlawfully colluded with, or engaged in a ruse with, the Choctaw Police Department to detain defendant Concho, or interfered with the Choctaw Tribal Court to have tribal charges preferred against the defendant, to the extent that defendant Concho was merely being detained solely by the Tribe to answer federal charges, which state of affairs would trigger the conclusion that tribal restraint from the date of arrest would engage the time limitations of the Federal Speedy Trial Act pursuant to Title 18, United States Code, §§ (a) & (c)(1). *United States v. Woolfolk*, 399 F.3d 590, 596-597 (4th Cir. 2005). It is apparent to the Court that tribal charges were contemplated before the United States was even aware of the existence of a potential federal case against defendant Concho and others, and that the tribal charges in fact preferred were at the express and independent direction of the Chief Investigator for the Choctaw Police Department, and not otherwise. The defendant fails entirely to persuade the Court to any contrary point of view.

Therefore, the Court concludes that the defendant's motion to dismiss the indictment against defendant Concho is not well taken, and that the same should be, and it hereby is, denied. It is, therefore,

## ORDERED

that the defendant's motion to dismiss the indictment against defendant Concho is denied for the reasons stated above.

SO ORDERED, this the 30th Day of August, 2006.

*Henry T. Wingate*
HENRY T. WINGATE
Chief United States District Judge